IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 12-cv-03274-LTB-KLM

HEDVA BANK,

      Plaintiff,

v.

ALLIED JEWISH FEDERATION OF COLORADO, a Colorado corporation, and
DOUG SESERMAN, an individual,

      Defendants.

_____

MEMORANDUM OPINION AND ORDER
_____

Babcock, J.

      This case is before me on Defendants Allied Jewish Federation of Colorado ("AJF") and

Doug Seserman's ("Seserman") Motion to Dismiss Plaintiff's Claim Under the Colorado Anti-

Discrimination Act (the "CADA") Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc # 6].  After

consideration of the motion, all related pleadings, and the case file, I grant Defendants' motion in

part and deny it in part as set forth below.

## I.  Background

      In this action, Plaintiff asserts a claim against AJF for age discrimination in violation of

the Age Discrimination in Employment Act (the "ADEA") and a claim against AJF and

Seserman for age discrimination in violation of the CADA.  Plaintiff's Complaint alleges that

she was a long-term employee of AJF and that Seserman is AJF's president and chief executive

officer and primarily or solely responsible for the decisions on which her claims are based.

Complaint, ¶ 1.

By the Motion, Defendants seek the dismissal of Plaintiff's CADA claims.  Defendants

argue that Plaintiff's CADA claim against Seserman fails to state a claim upon which relief may

be granted because (1) Seserman was not her employer within the meaning of the CADA; and

(2) Plaintiff failed to exhaust her administrative remedies with respect to him.  Defendants argue

that Plaintiff's CADA claim against AJF fails to state a claim upon which relief may be granted

because it is duplicative of her ADEA claim.

### III.  Standard of Review

Under Rule 12(b)(6), "[d]ismissal is appropriate only if the complaint, viewed in the light

most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its

face."  *United States ex rel. Conner v. Salina Regional Health Center, Inc*., 543 F.3d 1211, 1217

(10th Cir. 2008) (quotations and citations omitted).  A claim is plausible on its face "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)

(*citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007)).  "The plausibility standard is

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

defendant has acted unlawfully."  *Id.*

"[I]n general, a motion to dismiss should be converted to a summary judgment motion if

a party submits, and the district court considers, materials outside the pleadings."  *Prager v.*

*LaFaver,* 180 F.3d 1185, 1188 (10th Cir. 1999).  In ruling on a Rule 12(b)(6) motion to dismiss,

however, courts may properly consider facts subject to judicial notice such as court files and

matters of public record, as well as documents referred to in the complaint if the documents are

central to the plaintiff's claim and their authenticity is not disputed.  *Grynberg v. Koch Gateway*

*Pipeline Co.,* 390 F.3d 1276, 1279 n.1 (10th Cir. 2004) (citations omitted); *Jacobsen v. Deseret*

*Book Co.,* 287 F.3d 936, 941 (10th Cir. 2002).

## IV.  Analysis

**A.  Plaintiff's CADA Claim Against Seserman**

      Under the CADA, it is a discriminatory or unfair employment practice "[for an employer

to refuse to hire, to discharge, to promote or demote, to harass during the course of employment,

or to discriminate in matters of compensation, terms, conditions, or privileges of employment

against any person otherwise qualified because of ... age ...."  C.R.S. § 24-34-402(1)(a).  Thus, to

be liable under this section of the CADA, a person or entity must be an "employer."  For

purposes of the CADA, "employer" is defined as "the Sate of Colorado or any political

subdivision, commission, department, institution, or school district thereof, and every other

person employing persons within the state ...."  C.R.S. § 24-34-401(3).  The CADA does not

define the terms "employ" or "employing," and there is no case law interpreting these terms

under this statute.

      When analyzing undefined statutory language, it is "assum[ed] that the ordinary meaning

of that language accurately expresses the legislative purpose."  *Hardt v. Reliance Standard Life*

*Ins. Co.,* 560 U.S. 242, 251 (2010) (citation omitted).  Plaintiff argues that Seserman could fit

within the dictionary definitions of "employ" as "to make use of (someone or something

inactive)" or "to use or engage the services of."  The Merriam -Webster dictionary also defines

"employ" as "to provide with a job that pays wages or salary."  I conclude that this definition

more accurately reflects the ordinary meaning of "employ" in the employment context and that

there are no factual allegations in Plaintiff's Complaint to support a plausible claim that

Seserman individually provided a job to Plaintiff.  Instead, Plaintiff's Complaint alleges that

Plaintiff was employed at AJF and performed job responsibilities for the benefit of AJF.

Complaint, ¶¶ 10 - 12.  Plaintiff's allegations that Seserman was one of Plaintiff's superiors and

the primary or sole decision-maker in this case, *id.* at ¶ 1, are insufficient to establish that

Seserman was Plaintiff's employer within the meaning of the CADA as a matter of law.

 My conclusion that Seserman is not an employer withing the meaning of the CADA is

bolstered by two district court cases cited by Defendants.  *See Gatuma v. Encore Elec., Inc.,*

*2012 WL 5354932 at *3 (D. Colo. Oct. 30, 2012) ("Although this Court has located no reported

case law directly addressing the question, CADA's definition of the term 'employer' makes it

unlikely that supervisors engaging in discriminatory acts could be sued individually."); *Atwell v.*

*Gabow,* 2009 WL 112492 at * 4 n. 2 (D. Colo. Jan. 15, 2009) ("Neither Title VII nor CADA

provide for personal liability of supervisors or managers.").

 To avoid dismissal of her CADA claim against Seserman on the basis that he was not her

employer, Plaintiff alternatively argues that Seserman can be liable under C.R.S. § 24-34-

402(1)(e)(I)-(III), which makes it a discriminatory or unfair employment practice for any person,

"whether or not an employer,"

> (I) To aid, abet, incite, compel, or coerce the doing of any act defined in this
> section to be a discriminatory or unfair employment practice;

> (II) To obstruct or prevent any person from complying with the provisions of this
> part 4 or any order issued with respect thereto; [or]

> (III) To attempt, either directly or indirectly, to commit any act defined in this
> section to be a discriminatory or unfair employment practice[.]

 Defendants do not argue that this broadly-worded section of the CADA cannot apply to

Seserman apart from reference to *Gatuma* and *Atwell* cited above.  Instead, Defendants argue

that Plaintiff's Complaint asserts a claim under Section 402(1)(a) and not Section 402(1)(e)(I)-(III) and that Plaintiff cannot amend her Complaint through a response to a motion to dismiss.

Plaintiff's Complaint includes the conclusory allegation that Seserman was Plaintiff's employer within the meaning of C.R.S. §24-34-401(3).  Complaint, ¶ 9.  Otherwise, Plaintiff's Complaint does not cite any particular provision of the CADA but makes clear the nature of Seserman's alleged wrongful conduct.  *Id.* at ¶¶ 15-31 & 46-54.  The sufficiency of  Plaintiff's allegations for purposes of stating a claim against Seserman under C.R.S. § 24-34-402(1)(e)(I)-(III) is irrelevant, however, if she failed to exhaust her administrative remedies with respect to him.

The CADA provides that:

> Any person claiming to be aggrieved by a discriminatory or unfair practice as defined by [the CADA] may, ..., make, sign, and file with the division a verified written charge stating the name and address of the respondent alleged to have committed the discriminatory or unfair practice, setting forth the particulars of the alleged discriminatory or unfair practice, and containing any other information required by the division.

C.R.S. § 24-34-306(1)(a).  The filing of such a charge is a prerequisite to the filing of a civil action.  C.R.S. § 24-34-306(14).

On her Charge of Discrimination, Plaintiff named only AJF as the party who discriminated against her.  *See* Ex. 1 to Motion.  In the supporting affidavit, Plaintiff similarly stated that her statement concerned only AJF.  *Id.*  While Plaintiff's affidavit proceeded to reference conduct by Seserman, I conclude that these references are insufficient as a matter of law to put Seserman on notice that Plaintiff was intending to charge him individually with discriminating against her for purposes of either C.R.S. § 24-34-402(1)(a) or 402(1)(e)(I)-(III).  *See Worrell v. Colo. Cmty. Bank,* 2010 WL 2943487 at * 3 (D. Colo. July 21, 2010) (claim under

C.R.S. § 24-34-402(1)(e) dismissed because plaintiff's Charge provided no notice that plaintiff was intending to charge CEO/owner of employer personally with employment discrimination and cannot be read as asserting any claim against him individually).

As further support for my conclusion that Plaintiff failed to exhaust her administrative remedies with respect to Seserman, I note that the right-to-sue letter that Plaintiff received from the Colorado Division of Civil Rights references only AJF.  *See* Ex. A to Defendants' Reply.  Thus, Plaintiff's Charge failed to put the Division on notice that Plaintiff was charging Seserman, individually, with violation of the CADA.  In addition, a copy of the right-to-sue letter was provided to a paralegal to Plaintiff's current counsel indicating that Plaintiff had legal representation at the time she filed her Charge.  Under these circumstances, Plaintiff's Charge should not be construed as liberally as if she had filed it unassisted by counsel.  *See Romero v. Union Pacific R.R.,* 615 F.2d 1303, 1311 (10th Cir. 1980) (EEOC complaints must be liberally construed "since such complaints are written by laymen not versed either in the technicalities of pleading or the jurisdictional requirements of [Title VII]").

Based on the foregoing then, Plaintiff's Complaint fails to state a claim against Seserman under the CADA both because he was not her "employer" within the meaning of C.R.S. § 24-34-401(3) & 402(1)(a) and because she failed to exhaust her administrative remedies with respect to any CADA claim against Seserman.

**B.  Plaintiff's CADA Claim Against AJF**

Defendants argue that Plaintiff's CADA claim against AJF should be dismissed because it is duplicative of her ADEA claim.  Indeed, Plaintiff's allegations in support of her ADEA

-6-

claim are identical to those in support of her CADA claim but for the references to Seserman in the latter claim.  Complaint, ¶¶ 39-45 & 47-53.

In her Response to Defendants' Motion, Plaintiff attempts to distinguish the CADA from Title VII, not the ADEA, on the basis that the former statute allows for individual liability while the latter statute does not.  While this distinction is also applicable to the ADEA, *see Birkbeck v. Marvel Lighting Corp.,* 30 F.3d 507, 510-11 (4th Cir. 1994) (holding that the ADEA limits civil liability to the employer), it is irrelevant insofar as AJF is concerned.

However, though not addressed by Plaintiff, she may be able to recover damages on her CADA claim that are not available on her ADEA claim. *Compare Perrell v. FinanceAmerica Corp.,* 726 F.2d 654, 657 (10th Cir. 1984) (trial court erred in instructing jury that plaintiff could recover compensatory damages including damages for pain and suffering on ADEA claim) *with* C.R.S. § 24-34-405(3)(c) (expressly authorizing the recovery of compensatory damages including damages for pain and suffering under the CADA).  I therefore decline to dismiss Plaintiff's CADA claim against the AJF as duplicative of her ADEA claim at this stage in the proceedings.

## IV.  Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.  Defendants' Motion to Dismiss Plaintiff's Claim Under the CADA Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc # 6] is GRANTED IN PART and DENIED IN PART;

2.  Plaintiff's CADA claim against Defendant Seserman is DISMISSED WITH PREJUDICE; and

3.  Defendants' Motion is denied with respect to Plaintiff's CADA claim against Defendant AJF but nothing in this Order shall preclude AJF from seeking the dismissal of this claim at a later date.

Dated: December __10__, 2013 in Denver, Colorado.

                                        BY THE COURT:


                                        ___s/Lewis T. Babcock_____
                                        LEWIS T. BABCOCK, JUDGE